UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SARA MANDUJANO MADERA,

    Plaintiff,

v.                                                           No. 2:24-cv-01116-GJF

VANESSA ORDOÑEZ and
FNU GALLEGOS,[1]

    Defendants.

### ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Action for Deprivation of Rights Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 30, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 30, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

---

[1] The caption of the Complaint does not list Gallegos as a defendant. The Court includes Gallegos as a defendant because Plaintiff asserts "charges" of unlawful detention, unlawful arrest and unlawful imprisonment against Gallegos in the body of the Complaint. *See* Complaint at 3.

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff and her spouse's combined average monthly income during the past 12 months is $800.00; (ii) Plaintiff and her spouse have $0.00 in cash and $5,400.00 in bank accounts; and (iii) Plaintiff and her spouse's combined monthly expenses total $1,850.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and because her and her spouse's combined monthly expenses exceed their low combined monthly income.

**Order to Show Cause**

Plaintiff alleges:

On Oct 08 2019 while walking on the street . . . I was detained by officer Gallegos of the Anthony NM Police Dept inquiring about my identity. He was requesting an ID due to the fact that he thought I was the person he was looking for to hand out a "notice of restriction" . . . Moments later Mrs Vanessa Ordoñez (then named Vanessa Lara Chief of Police of the Anthony NM Police Dept) appeared on the scene, and backed up the detention. While I was held on the street, Gallegos searched the database and found there was a "bench warrant" issued against me by Judge Ken L. Wingenroth of the Las Cruces Magistrate Court, the charge was supposed "speeding". . . Proceeded to arrest me and take me to the Las Cruces Detention Center.

Complaint at 3. Plaintiff asserts claims for civil rights violations pursuant to 42 U.S.C. § 1983 based on the alleged unlawful detention, unlawful arrest and unlawful imprisonment. Plaintiff seeks monetary damages and "to expunge my name and record from the Detention Center in Las Cruces." Complaint at 4.

It appears Plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations. Plaintiff was arrested and taken to the Las Cruces Detention Center on October 8, 2019. *See* Complaint at 3. The charges against Plaintiff were dismissed on December 6, 2019. *See* Complaint at 6. Plaintiff filed this case five years after her arrest and detention. "[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims." *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014).

The Complaint fails to state a Section 1983 claim based on Defendant Gallegos' initial detention of Plaintiff. Plaintiff alleges Defendant Gallegos detained Plaintiff and "request[ed] an ID due to the fact that he thought I was the person he was looking for to hand out a 'notice of restriction.'" Complaint at 3. "An investigative detention . . . unlike an arrest . . . need not be supported by probable cause . . . [and] the police can stop and briefly detain a person for investigative purposes . . . as long as an officer has a particularized objective basis for suspecting an individual may be involved in criminal activity." *United States v. Young*, 99 F.4th 1136, 1143 (10th Cir. 2023) (quotation marks and citations omitted).

The Complaint fails to state Section 1983 claims based upon Plaintiff's arrest and detention because Defendants arrested and detained Plaintiff pursuant to a bench warrant issued by a magistrate court judge. *See* Complaint at 3; *Romero v. Fay*, 45 F.3d 1472, 1480-81 (10th Cir. 1995) ("a police officer does not commit false imprisonment merely by arresting an individual who

happens to be innocent ... 'we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence ... *The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury'*") (emphasis in original) (quoting *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) ("Respondent's innocence of the charge contained in the warrant, while relevant to a tort claim of false imprisonment in most if not all jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law. The Constitution does not guarantee that only the guilty will be arrested.")).

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The Amended Complaint must comply with the Federal and Local Rules of Civil Procedure.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 30, 2024, is **GRANTED.**

(ii)   Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss Plaintiff's claims; and (b) file an amended complaint.  Failure to timely show cause and to file an amended complaint may result in dismissal of this case.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE