IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARA MANDUJANO MADERA,

    Plaintiff,

v.                                        No. 2:24-cv-01116-KWR-GJF

VANESSA ORDOÑEZ and
FNU GALLEGOS,[1]

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff alleges:

> On Oct 08 2019 while walking on the street . . . I was detained by officer Gallegos of the Anthony NM Police Dept inquiring about my identity. He was requesting an ID due to the fact that he thought I was the person he was looking for to hand out a "notice of restriction" . . . Moments later Mrs Vanessa Ordoñez (then named Vanessa Lara Chief of Police of the Anthony NM Police Dept) appeared on the scene, and backed up the detention. While I was held on the street, Gallegos searched the database and found there was a "bench warrant" issued against me by Judge Ken L. Wingenroth of the Las Cruces Magistrate Court, the charge was supposed "speeding". . . Proceeded to arrest me and take me to the Las Cruces Detention Center.

Civil Action for Deprivation of Rights Pursuant to 42 U.S.C. § 1983 at 3, Doc. 1, filed October 30, 2024 ("Complaint"). Plaintiff asserts claims for civil rights violations pursuant to 42 U.S.C. § 1983 based on the alleged unlawful detention, unlawful arrest and unlawful imprisonment. Plaintiff seeks monetary damages and "to expunge my name and record from the Detention Center in Las Cruces." Complaint at 4.

---

[1] The caption of the Complaint does not list Gallegos as a defendant. The Court includes Gallegos as a defendant because Plaintiff asserts "charges" of unlawful detention, unlawful arrest and unlawful imprisonment against Gallegos in the body of the Complaint. *See* Complaint at 3.

> United States Magistrate Judge Gregory J. Fouratt notified Plaintiff:
>
> It appears Plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations. Plaintiff was arrested and taken to the Las Cruces Detention Center on October 8, 2019. *See* Complaint at 3. The charges against Plaintiff were dismissed on December 6, 2019. *See* Complaint at 6. Plaintiff filed this case five years after her arrest and detention. "[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims." *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014).
>
> The Complaint fails to state a Section 1983 claim based on Defendant Gallegos' initial detention of Plaintiff. Plaintiff alleges Defendant Gallegos detained Plaintiff and "request[ed] an ID due to the fact that he thought I was the person he was looking for to hand out a 'notice of restriction.'" Complaint at 3. "An investigative detention . . . unlike an arrest . . . need not be supported by probable cause . . . [and] The police can stop and briefly detain a person for investigative purposes . . . as long as an officer has a particularized objective basis for suspecting an individual may be involved in criminal activity." *United States v. Young*, 99 F.4th 1136, 1143 (10th Cir. 2023) (quotation marks and citations omitted).
>
> The Complaint fails to state Section 1983 claims based upon Plaintiff's arrest and detention because Defendants arrested and detained Plaintiff pursuant to a bench warrant issued by a magistrate court judge. *See* Complaint at 3; *Romero v. Fay*, 45 F.3d 1472, 1480-81 (10th Cir. 1995) ("a police officer does not commit false imprisonment merely by arresting an individual who happens to be innocent ... 'we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence ... *The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury*'") (emphasis in original) (quoting *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) ("Respondent's innocence of the charge contained in the warrant, while relevant to a tort claim of false imprisonment in most if not all jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law. The Constitution does not guarantee that only the guilty will be arrested")).

Order to Show Cause at 3-4, Doc. Doc. 5, filed November 6, 2024. Judge Fouratt ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint, and notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case. *See* Order to Show Cause at 6. Plaintiff did not show cause or file an amended complaint by the November 27, 2024, deadline.

The Court dismisses this case because: (i) the Complaint fails to state claims upon which relief can be granted; (ii) Plaintiff did not show cause why the Court should not dismiss this case; and (iii) Plaintiff did not file an amended complaint.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

    /S/ KEA W. RIGGS_____
**UNITED STATES DISTRICT JUDGE**